**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-51258**
**Summary Calendar**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**MARIA SOCORRO MAGALDE,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(EP-97-CR-647-ALL-DB)**

_____

July 20, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

A jury convicted Maria Socorro Magalde on both counts of an indictment charging her with possession with intent to distribute marijuana and a related conspiracy.  Magalde claims the prosecutor's remarks in closing argument improperly shifted the burden of proof to her and invited the jury to convict her on the basis of evidence outside the record.

As Magalde concedes, because her counsel did *not* object contemporaneously to those comments, we review *only* for plain

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should *not* be published and is *not* precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  *See **United States v. Andrews***, 22 F.3d 1328, 1341 (5th Cir.), *cert. denied*, 513 U.S. 941 (1994); *see also **United States v. Munoz***, 150 F.3d 401, 415 (5th Cir. 1998), *cert. denied*, 525 U.S. 1112 (1999).  In assessing whether the statements were improper, it is, of course, necessary to look at them in context.  ***United States v. Washington***, 44 F.3d 1271, 1278 (5th Cir.), *cert. denied*, 514 U.S. 1132 (1995).  "The burden of showing plain error is a heavy one, and this court will notice plain error only in exceptional circumstances."  ***Andrews***, 22 F.3d at 1341 (internal quotation marks, brackets, and citation omitted).

In any event, review of the comments in their proper context reveals that none were improper.  In short, there was *no* error, much less plain error.

*AFFIRMED*

2